*Formatted for Electronic Distribution*            *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

Filed & Entered
On Docket
08/01/2024

| | |
|---|---|
| **In re:** | Case # 23-10049 |
| **LARRY KENNETH DOCKUM,** | Chapter 7 |
| Debtor. | |
| **STRATEGIC FUNDING SOURCE, INC. d/b/a KAPITUS,** | |
| Plaintiff, | Adversary Proceeding |
| v. | Case # 23-01007 |
| **LARRY KENNETH DOCKUM,** | |
| Defendant. | |

*Appearances:*

| | |
|---|---|
| *Ryan M. Long, Esq.* | *Rebecca A. Rice, Esq.* |
| *Primmer, Piper, Eggleston,* | *Cohen & Rice, P.C.* |
| *& Cramer P.C.* | *Shrewsbury, Vermont* |
| *Burlington, Vermont* | *For the Defendant* |
| *For the Plaintiff* | |

## MEMORANDUM OF DECISION
## GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Strategic Funding Source, Inc. d/b/a/ Kapitus ("Plaintiff") moves for summary judgment against Larry Kenneth Dockum ("Debtor") on its claim for a determination of exception to discharge under §§ 523(a)(2), (a)(4), and (a)(6).[1] For the reasons set forth below, the Court finds Plaintiff has established it is entitled to judgment as a matter of law as to its nondischargeability claim under § 523(a)(2). The Court need not address Plaintiff's arguments under §§ 523(a)(4) and (a)(6). While the underlying contract between Plaintiff and Debtor contemplates the award of

---

[1] Unless otherwise indicated, all statutory references refer to Title 11 of the United States Code (the "Bankruptcy Code").

1

"reasonable costs"[2] Plaintiff has failed to provide sufficient evidence to support judgment as a matter of law to establish the reasonableness of the amount of its attorney's fees and thus, summary judgment is denied to the extent that Plaintiff seeks more than $5,500 in attorney's fees.[3]

## JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, as well as the Amended Order of Reference entered by the United States District Court on June 22, 2012. The contested matter before the Court constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(I) and this Court has constitutional authority to enter a final judgment.

## BACKGROUND

### A. Procedural Background

Debtor petitioned for relief under Chapter 7 of the Bankruptcy Code on March 24, 2023 ("the Petition Date").[4] On September 1, 2023, Plaintiff filed its complaint alleging that its claim was nondischargeable pursuant to §§ 523(a)(2), (a)(4), and (a)(6).[5] On April 19, 2024, Plaintiff moved for summary judgment.[6] The parties filed responsive pleadings in due course.[7]

### B. Factual Background

The pertinent facts are not in dispute. In 2018, Debtor executed a Revenue Based Factoring Agreement for Purchase and Sale of Future Receivables (the "Agreement") of his business, NAPA Auto Parts ("NAPA"), in the amount of $67,815.00.[8] Debtor also executed a personal guaranty of the Agreement.[9] By its terms, the laws of the Commonwealth of Virginia govern the Agreement.[10] The Agreement required Debtor to open a bank account from which Plaintiff could withdraw specified loan payments on a daily basis.[11] To assure Plaintiff of performance under the Agreement, Debtor made several written representations, including: (1) NAPA's financial statements were accurate, (2) NAPA was solvent, (3) Debtor did not anticipate closing NAPA for any reason for at

---

[2] *See* Doc. # 15-5 at p. 4 § 3.3.
[3] This Memorandum of Decision states the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 9014 and 7052.
[4] Case No. 23-10049, Doc. # 1.
[5] Case No. 23-01007, Doc. # 1.  All subsequent doc. references are to Case No. 23-01007 unless otherwise noted.
[6] Doc. # 15.
[7] Docs. ## 23, 24.
[8] Doc. # 15-5; doc. # 23-2 ¶12.
[9] Doc. # 1, Ex. 2; doc # 1 ¶ 25; doc. # 5 ¶ 25; doc. # 15-5 p. 7.
[10] Doc. 15-5 at p. 5 § 4.5.
[11] *Id.* at p. 4 § 2.1, et seq.

2

least the next year, and (4) Debtor would use the funding for business purposes.[12] Plaintiff extended credit to Debtor shortly after he signed the Agreement.[13] Debtor defaulted under the Agreement when he stopped making loan payments approximately one month after Plaintiff extended credit.[14]

In 2021, Plaintiff filed a collection action ("State Court Action") against Debtor in the Circuit Court for Henrico County, Virginia (the "State Court").[15] In 2022, Plaintiff obtained a default judgment against NAPA and Debtor on its claim of fraud (the "State Court Judgment").[16] In the State Court Judgment, the State Court found:

> [Debtor] knowingly and intentionally misrepresented material facts, upon which the Plaintiff reasonably relied, and that as a result of [Debtor's] fraudulent inducement the Plaintiff suffered damages, and that the Plaintiff is entitled to judgment in the principal amount of Sixty-Three Thousand Seven Hundred Sixty-Eight and 00/100 Dollars ($63,768.00) plus interest at the judgment rate of six (6%) per annum, from the date of judgment, attorney's fees of Five Thousand Five Hundred Dollars ($5,500.00), and any and all court costs.[17]

Prior to making this finding, the State Court recited that in making its determination it had: (1) examined service of process and the duly executed return; and (2) heard evidence in support of Plaintiff's motion for judgment.[18]

## SUMMARY JUDGMENT STANDARD

It is well established summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.[19] The moving party bears the burden of showing that no genuine issue of material fact exists.[20] A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party."[21] The substantive law identifies those facts that are material; only disputes over facts that might affect the outcome of the suit under the governing law will properly

---

[12] *Ibid*.
[13] *See* Doc. 15-1 at 3 ¶ 9.
[14] Doc. # 15-1 at 4 ¶ 11.
[15] *Id.* at 4 ¶ 13.
[16] Doc. # 15-8.
[17] *Id.*
[18] *Id.*
[19] *See* Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56; *see also Bronx Household of Faith v. Bd. of Educ. of the City of New York*, 492 F.3d 89, 96 (2d Cir. 2007).
[20] *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).
[21] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

3

preclude the entry of summary judgment.[22] Factual disputes that are irrelevant or unnecessary are not material.[23] In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial.[24] In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, in favor of the non-moving party.[25]

## DISCUSSION

### A. The State Court Judgment

The law is well settled that a state court judgment must be given preclusive effect in a subsequent federal court proceeding if the state in which the judgment was rendered would do so.[26] The full faith and credit statute, 28 U.S.C. § 1738, provides in part as follows:

> [The records of state judicial proceedings] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

In *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), the Supreme Court stated:

> This statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered. It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken. Section 1738 embodies concerns of comity and federalism that allow the States to determine, subject to the requirements of the statute and the Due Process Clause, the preclusive effect of judgments in their own courts.

(citations omitted). As the State Court Judgment originated from Virginia, the Court turns to whether Virginia preclusion principles apply.[27]

Under Virginia law, *res judicata* involves both claim and issue preclusion[28] and "bars the

---

[22] *See Anderson,* 477 U.S. at 248.
[23] *Id.*
[24] *Id.* at 249; *see also Palmieri v. Lynch*, 392 F.3d 73, 82 (2d Cir. 2004).
[25] *See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.,* 448 F.3d 573, 579 (2d Cir 2006).
[26] *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986) ("[U]nder the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give.")
[27] *Thomas v. Washington Gas Light Co.*, 448 U.S. 261, 270, 100 S.Ct. 2647, 65 L.Ed.2d 757 (1980).
[28] *D'Ambrosio v. Wolf*, 295 Va. 48, 53, 809 S.E.2d 625, 627-28 (Va. 2018).

4

assertion of legal or equitable rights of action, even if they were not specifically resolved in earlier litigation."[29] "Parties may not relitigate the same cause of action, or any part thereof which *could* have been litigated in the previous action."[30]

In the Commonwealth of Virginia, Rule 1:6 governs the doctrine of res judicata:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, is forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action *that arises from that same conduct, transaction or occurrence*, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought. A claim for relief pursuant to this rule includes those set forth in a complaint, counterclaim, cross-claim or third-party pleading.

Va. R. S. Ct. 1:6 (2024) (emphasis added). Rule 1:6 applies to all Virginia judgments entered in civil actions commenced after July 1, 2006.[31] While the rule enumerates some exceptions, none of those exceptions apply here as no insurer asserts claims of actions and no mechanic's lien is at issue.[32]

The Supreme Court of Virginia has identified **three elements** that must be proved for claim preclusion to be successfully asserted to bar a subsequent proceeding: "(1) a final judgment on the merits, (2) the same parties … in both proceedings, and (3) both causes of action arising out of the same conduct, transaction, or occurrence."[33] Plaintiff, as the party attempting to invoke claim preclusion, has the burden of proving by a preponderance of the evidence that the elements of claim preclusion have been established.[34]

In the State Court Action, Plaintiff sought to collect and enforce a debt Debtor owed under the Agreement and claimed Debtor committed fraud in the inducement of financing. The State Court Judgment, entered April 15, 2022, constitutes a final judgment, which Debtor does not dispute.[35] The State Court Action involved: (1) the same parties; (2) the Agreement; (3) the same transactions; and (4) the same conduct relating to the Agreement. Debtor is precluded under

---

[29] *Lane v. Bayview Loan Servs., LLC*, 297 Va. 645, 654 (Va. 2019).
[30] *Bates v. Devers*, 214 Va. 667, 670 (Va. 1974).
[31] *See* Va.R.S.Ct. 1:6(b)
[32] *See id.* at (c).
[33] Va. R. S. Ct. 1:6 (2024) (emphasis added).; *see also D'Ambrosio,* 295 Va. at 53, 809 S.E.2d at 627-28.
[34] *Reid v. Ayscue,* 246 Va. 454, 456, 436 S.E.2d 439, 440 (1993).
[35] *See* doc. # 23 at p. 2.

5

Virginia law from relitigating either his breach of the Agreement or that he committed fraud in the inducement of financing.

In opposition to Plaintiff's motion for summary judgment, Debtor claims that a default judgment cannot form the basis for issue preclusion as the elements for fraud were not actually litigated.[36] Thus, the reasoning continues, issue preclusion under Virginia law does not apply and Plaintiff is not entitled to summary judgment on that basis. Debtor relies on *In re Wizard Software,* 185 B.R. 512 (Bankr. E.D.Va 1995) in support of his position. This reliance is misplaced. The current governing law in Virginia is Rule 1:6.[37] Rule 1:6 explicitly does not rely on a showing of the same evidence or elements to establish res judicata.[38] This is in keeping with prior jurisprudence which was later codified in Rule 1:6.

After *In re Wizard Software,* the Virginia Supreme Court held that Virginia law does not support a blanket exemption from the application of issue preclusion in the case of a default judgment.[39] In reaching its decision in *TransDulles,* the Virginia Supreme Court gave "great weight to the fact that, while the defendant in the first action failed to appear personally or by counsel at a dispositive hearing, the court received evidence."[40] Since evidence had been presented at an *ex parte* hearing, the court concluded that the default judgment had issue-preclusive effect for the transactions and conduct described in the judgment order.[41]

It is undisputed that the State Court Action constitutes a final judgment and the State Court Action and this adversary proceeding arise from the same conduct, transaction, or occurrence. The State Court Judgment recites that the State Court considered evidence in support of Plaintiff's motion for judgment. Based upon that evidence, the State Court found Debtor committed fraud upon which Plaintiff reasonably relied and suffered damages. While Debtor infers that service in the State Court Action was not proper, the State Court Judgment makes an explicit finding on adequacy of service which this Court will not second guess.[42]

This Court finds that the State Court Judgment is a valid, final judgment which has

---

[36] *See* doc. # 23 at pp. 2-3.
[37] *See Raley v. Haider,* 286 Va. 164, 170, 747 S.E.2d 812, 815-16 (2013).
[38] Rule 1:6(a) ("regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended."). *See also, Martin-Bangura v. Commonwealth Dep't. of Mental Health*, 640 F.Supp.2d 729, 738 (E.D. Va. 2009) (Virginia's "transactional" test under Rule 1:6 replaced the prior "same evidence" test).
[39] *See TransDulles Ctr. Inc., v. Sharma,* 252 Va. 20, 472 S.E.2d 274 (1996).
[40] *In re Owens*, 449 B.R. 239, 251 (Bankr. E.D. Va. 2011).
[41] *Ibid*; *see also Pahlavi v. Ansari (In re Ansari)*, 113 F.3d 17, 20 (4th Cir. 1997).
[42] *See Durfee v. Duke*, 375 U.S. 106, 110-111, 84 S.Ct. 242 (1963) (judgment entitled to full faith and credit even as to questions of jurisdiction when those questions addressed by the rendering court).

preclusive effect under Virginia law and, accordingly, is entitled to full faith and credit on the factual predicates pending before the Court.

### B. The Nondischargeability Claims

Section 523(a) of the Code excepts certain debts from discharge against an individual debtor. The Code defines a "debt" as a "liability on a claim." §101(12). A "claim" is a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed…." §101(5). There is no dispute that Plaintiff holds a claim reduced to judgment against Debtor. In its Complaint, Plaintiff asserts this debt should be excepted from discharge under various subsections of § 523(a).

Plaintiff bears the burden of proof to prevail on its nondischargeability claims under § 523.[43] For Plaintiff to be entitled to summary judgment, it must establish there is no genuine issue of material fact on each element under at least one of the nondischargeability provisions for which it seeks judgment.

#### 1. Section 523(a)(2)(A).

Plaintiff argues the State Court Judgment establishes it is entitled to judgment as a matter of law under § 523(a)(2)(A) and Debtor is precluded from arguing otherwise. Section 523(a)(2)(A) provides:

> **11 USC § 523 Exceptions to Discharge**
> (a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
> . . .
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;[44]

To except a debt from discharge under § 523(a)(2)(A), Plaintiff must prove: (1) Debtor made the representation; (2) at the time of the representation, Debtor knew it to be false; (3) Debtor made the representation with the intent and purpose of deceiving Plaintiff; (4) Plaintiff justifiably relied on the representation; and (5) Plaintiff sustained a loss or damage as the proximate

---

[43] *See Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 775 (1991) (creditor must prove nondischargeability by preponderance of the evidence).
[44] § 523(a)(2)(A).

7

consequence of the representation having been made.⁴⁵ There is no genuine issue of material fact that Debtor is an individual or that Plaintiff holds a debt. The only issue is whether the State Court Judgment precludes Debtor from relitigating whether his conduct as found by the State Court Judgment satisfies the elements Plaintiff must prove under § 523(a)(2)(A).

Debtor argues *Brown v. Felson*, 442 U.S. 127, 129-130 (1979) does not require bankruptcy courts to apply preclusion principles to the State Court Judgment because the issue before the bankruptcy court is the dischargeability of a debt. ⁴⁶ While *Brown* acknowledged a state court's finding of nondischargeability is not binding on the bankruptcy court in a subsequent bankruptcy, the United States Supreme Court has distinguished that preclusive effect should be given to findings of conduct that may rise to a claim of nondischargeability.⁴⁷

In the State Court Action, Plaintiff asserted Debtor fraudulently induced Plaintiff to extend credit.⁴⁸ In the State Court Judgment, after hearing evidence the State Court found: (1) Debtor knowingly and intentionally misrepresented material facts; (2) upon which Plaintiff reasonably relied; and (3) as a result of Debtor's fraudulent inducement, Plaintiff suffered damages.⁴⁹ These findings support the elements Plaintiff must prove under § 523(a)(2)(A).

Because this Court has found the State Court Judgment is entitled to full faith and credit, Debtor is precluded from relitigating findings related to his conduct and Plaintiff is entitled to judgment as a matter of law under § 523(a)(2)(A).⁵⁰

### 2. Sections 523(a)(4) and (6).

Plaintiff claims it is also entitled to judgment on the exceptions to discharge under §§ 523(a)(4) and (6), and relies heavily upon Requests to Admit that are deemed admitted under Federal Rule of Civil Procedure 37, made applicable hereto by Federal Rule of Bankruptcy

---

⁴⁵ *See Robare v. Jadallah (In re Jadallah)*, 2010 WL 2949599 *2 (Bankr. D.Vt. July 21, 2010) *(citing Fields v. Mans,* 516 U.S. 69 !995))*.
⁴⁶ The issue in *Brown* concerned whether bankruptcy courts should give preclusive effect to state courts' findings of nondischargeability under the former Bankruptcy Act. This holding did not relieve bankruptcy courts of the requirement to give preclusive effect to judgments of conduct which could lead the bankruptcy court to make an independent finding of nondischargeability. Regardless of its holding, *Brown* is widely viewed as abrogated because the current Bankruptcy Code gives federal courts exclusive original jurisdiction to decide whether a debt is dischargeable. *Grogan*, 498 U.S. at 284, 111 S.Ct. at 658 (citing *Brown*).
⁴⁷ *See Grogan v. Garner,* 498 U.S. 279, 284 n.11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a).").
⁴⁸ *See* doc. # 15-6.
⁴⁹ Doc. 15-8.
⁵⁰ *See* Fed.R.Bankr.P. 7056.

8

Procedure 7037.[51] Plaintiff argues that based upon Debtor's failure to timely respond to Requests to Admit, that the requisite elements under §§ 523 (a)(4), and (a)(6) have been satisfied as a matter of law. Because the Court has found that Plaintiff is entitled to judgment as a matter of law under § 523(a)(2)(A) and no additional relief can be afforded under §§ 523(a)(4) and (6), the Court declines to consider the alternative arguments for identical relief.

C.   **The Claim for Plaintiff's Attorney's Fees**

In its Motion for Summary Judgment, Plaintiff seeks attorney's fees in the amount of $16,800.00 based upon language in the Agreement which makes Debtor responsible for Plaintiff's attorney's fees.[52] While Debtor did not respond to this argument in briefing, the Court notes that the Agreement entitles Plaintiff to reimbursement of its "reasonable costs."[53] In support of its request for attorney's fees, Plaintiff submits an affidavit of counsel without any substantiation for the Court to determine whether the amount requested is "reasonable" in accordance with the Agreement.[54]

Based upon the record before it, the Court denies Plaintiff's request for judgment as a matter of law on its attorney's fees more than $5,500. The Court finds Plaintiff is entitled to $5,500 in attorney's fees pursuant to the State Court Judgment.[55] Plaintiff may be entitled to additional attorney's fees because the Agreement, "a contract which provides for the payment of attorney's fees," makes Debtor responsible for Plaintiff's attorney's fees.[56] Section 3.3 of the Agreement states "[Debtor] shall pay to [Plaintiff] all reasonable costs associated with (a) a breach by [Debtor] of the Covenants in this Agreement and the enforcement thereof, and (b) the enforcement of [Plaintiff's] remedies set forth in Section 4.2 herein, including but not limited to court costs and attorney's fees."[57] However, Plaintiff has provided insufficient evidence to support the reasonableness of its attorney's fees expended in pursuing this adversary proceeding.

---

[51] In further opposition to Plaintiff's Motion for Summary Judgment, Debtor filed a Motion under Federal Rule of Bankruptcy Procedure 7036(b) to Have Admissions Withdrawn or Amended (doc. # 25).
[52] Doc. # 15-1 at 6 ¶ 25.
[53] *See* Doc. # 15-5 at p. 4 § 3.3; *In re Taylor*, Case No. 02-10695, 2003 WL 22282173 (Bankr. D. Vt. 2003) (citing *In re Hatala*, 295 B.R. 62, 68 (Bankr. D. N.J. 2003)).
[54] The State Court awarded $5,500 in the State Court Judgment for attorney's fees. *See* doc. # 15-8. *See Vermont Teddy Bear Co., Inc.,* 373 F.3d at 244 (failure to oppose summary judgment alone does not justify granting summary judgment. Court must independently assess whether moving party has met its burden).
[55] Doc. # 15-8 at 2.
[56] Doc. # 15-5 at 5.
[57] Doc. # 15-5 at 5.

## **CONCLUSION**

Based upon the foregoing, the Court grants summary judgment to Plaintiff on its § 523(a)(2)(A) nondischargeability claim. The Court declines to consider summary judgment on Plaintiff's §§ 523(a)(4) and (6) dischargeability claims as superfluous. The Court denies Plaintiff's motion for inclusion in its judgment attorney's fees in excess of $5,500.00. To the extent it seeks attorney's fees exceeding $5,500.00 as awarded by the State Court, Plaintiff shall be held to its burden of proof. A separate order will issue.

August 1, 2024  
Burlington, Vermont

Heather Z. Cooper  
United States Bankruptcy Judge