*Formatted for Electronic Distribution* *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

Filed & Entered
On Docket
08/01/2024

**In re:**

**LARRY KENNETH DOCKUM,**
    **Debtor.**

Chapter 13
Case # 23-10049

**STRATEGIC FUNDING SOURCE,
INC. d/b/a KAPITUS,**
    **Plaintiffs**,

   **v.**

**LARRY KENNETH DOCKUM,**
    **Defendant.**

Adversary Proceeding
Case # 23-01007

*Appearances:*

| | |
|---|---|
| *Ryan M. Long, Esq.* | *Rebecca A. Rice, Esq.* |
| *Primmer, Piper, Eggleston,* | *Cohen & Rice, P.C.* |
| *& Cramer P.C.* | *Shrewsbury, Vermont* |
| *Burlington, Vermont* | *For the Defendant* |
| *For the Plaintiff* | |

## MEMORANDUM OF DECISION AND ORDER
## DENYING DEFENDANT'S MOTION TO WITHDRAW OR AMEND ADMISSIONS

Pending before the Court is Debtor Larry Kenneth Dockum's ("Debtor") Motion to Withdraw or Amend Admissions made to Plaintiff Strategic Funding Source, Inc. d/b/a Kapitus ("Plaintiff") by operation of Fed. R. Bankr. P. 7036 (the "Motion") (doc. # 25). For the reasons set forth below, the Court denies the Motion.[1]

## JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157

---

[1] This Memorandum of Decision and Order states the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 9014 and 7052.

1

and 1334, as well as the Amended Order of Reference entered by the United States District Court on June 22, 2012. The Court declares this adversary proceeding to be a core proceeding according to 28 U.S.C. § 157(b)(2)(I), over which this Court has constitutional authority to enter a final judgment. The parties have consented to the Court's jurisdiction.[2]

## BACKGROUND

Debtor petitioned for relief under Chapter 7 of the Bankruptcy Code on March 24, 2023.[3] On September 1, 2023, Plaintiff filed its complaint alleging its claim was nondischargeable under §§ 523(a)(2), (a)(4), and (a)(6).[4] Pursuant to this Court's Local Rules, the parties jointly proposed a Scheduling Order which this Court approved and entered on October 16, 2023.[5] The Scheduling Order set a February 29, 2024 deadline for all discovery and a deadline of April 19, 2024 for filing all dispositive motions.[6] The Scheduling Order also set deadlines for Alternative Dispute Resolution, which the parties later extended by stipulation.[7] Finally, the Scheduling Order set deadlines for the submission of the pre-trial statement and final pre-trial conference, which the parties also extended by stipulation.[8]

Thereafter, the parties engaged in discovery. Plaintiff filed three discovery certificates: on December 1, 2023, Plaintiff served its Fed. R. Civ. P. 26(a)(1) initial disclosures; on January 26, 2024, Plaintiff served interrogatories, requests for production, and requests for admission; on February 6, 2024, Plaintiff served its notice of deposition of Debtor.[9] Plaintiff's discovery requests all occurred before the close of discovery on February 29, 2024.[10] Debtor served his responses to the requests for admission on April 11, 2024.[11] By operation of Fed. R. Bankr. P. 7036(a)(3), Debtor is deemed to have admitted to all of Plaintiff's requests for admission.

On May 24, 2024, after briefing on Plaintiff's motion for summary judgment was complete, Debtor filed the Motion; Plaintiff responded the same day.[12]

---

[2] Doc. # 3.
[3] Case No. 23-10049 doc. # 1.
[4] Doc. # 1. All statutory references are to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise indicated.
[5] Docs. ## 6 and 7.
[6] Doc. # 7 at 2.
[7] Docs. ## 12 and 13.
[8] Docs. ## 16 and 17.
[9] Docs. ## 9, 10, and 11.
[10] Doc. # 7 at 2.
[11] *See* docs. ## 25 at 1; 27 at 1.
[12] Docs. ## 25 and 27. In his opposition to summary judgment, Debtor alerted the Court and Plaintiff that a motion would be filed.

2

**DISCUSSION**

A.   **Procedural Deficiencies**

Federal Rule of Civil Procedure 37, incorporated into this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7037, allows parties to move for orders to compel disclosure or discovery on motion to the Court.[13] "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[14] The certification of conference requirement also applies to motions for orders to withdraw or amend admissions pursuant to Fed. R. Bankr. P. 7036, as a discovery motion.[15]

This Court has also adopted Local Rules pursuant to Fed. R. Bankr. P. 9029 "which are consistent with – but not duplicative of – Acts of Congress and these rules and which do not prohibit or limit the use of Official Forms."[16] With respect to the Motion, two Local Rules render it procedurally defective. First, Local Rule 9013-1(b) requires that, prior to filing any motion:

> the movant must certify they have contacted opposing counsel (or the opposing party if not represented by counsel) and made a good faith attempt to obtain a settlement, a stipulation to the relief sought, or some other resolution prior to filing the motion; or (2) acknowledge they have not contacted opposing counsel (or the opposing party if not represented by counsel), set forth good cause for a waiver of this requirement, and request a waiver.[17]

Second, Local Rule 7026-1(e), applicable in adversary proceedings, states that "motions raising any type of discovery dispute must be accompanied by a statement affirming movant has made a good faith effort to resolve the discovery matter(s) at issue."[18]

The Motion contains neither a certification that Debtor or Debtor's counsel contacted Plaintiff's counsel nor a request for waiver of the consultation requirement.[19] Plaintiff's response to the Motion states that "No consultation occurred (see Motion), or was proposed, and at no time did Defendant request that Plaintiff grant an extension of time to respond to the Requests or agree

---

[13] Fed. R. Civ. P. 37(a)(1).
[14] *Ibid*.
[15] *See, e.g., English v. Washington Metropolitan Area Trans. Auth.*, 293 F.Supp.3d. 13, 15-16 (D.C. 2017) (applying Rule 37(a)(1) conferencing requirement in conjunction with Local Rules requiring conferencing certification before filing of discovery motion); *see also In re Gravel*, 601 B.R. 873, 885 (Bankr. D. Vt. 2019) (noting similarity of purpose between Fed R. Bankr. P. 3002.1 and Fed. R. Civ. P. 37)).
[16] Fed. R. Bankr. P. 9029.
[17] Vt. LBR 9013-1.
[18] Vt. LBR 7026-1.
[19] Doc. # 25 at 1-3.

3

to the relief requested in the Motion."[20]

The Court further notes that its own docket reflects that the parties have conferred on two separate occasions to extend the deadlines in the Scheduling Order.[21] The parties are aware of the consultation requirement in this Court prior to the filing of a discovery motion. Thus, the Motion is procedurally defective under Fed. R. Bankr. P. 7037, Local Rule 9013-1(b), and Local Rule 7026-1(e).

### B. Substantive Considerations

Pursuant to Federal Rule of Civil Procedure 36,[22] "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Plaintiff served Requests to Admit on Debtor and Debtor did not respond within 30 days after being served. Federal Rule of Civil Procedure 36 permits withdrawal of deemed admissions in the Court's discretion, "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. Rule 36(b).

By its Memorandum and Decision Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment and accompanying order, each dated August 1, 2024, the Court granted Plaintiff's Motion for Summary Judgment under § 523(a)(2)(A) based upon the State Court Judgment.[23] Based upon that determination, the withdrawal of the deemed admissions will not promote the presentation of the merits of the action.

Based upon the procedural deficiencies and disposition of this adversary proceeding, the Motion is denied.

**SO ORDERED.**

August 1, 2024                                                                              Heather Z. Cooper
Burlington, Vermont                                       United States Bankruptcy Judge

---

[20] Doc. # 27 at 3.
[21] *See supra* n. 6 and 7.
[22] *See* Fed.R.Bankr.P. 7036.
[23] Capitalized terms have the same meaning as defined in the Memorandum and Decision Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment